FILED IN CHAMBERS
U.S.D.C. - Rome
AUG 01 2013
JAMES N. HATTEN, Clerk
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HAYDEN WREYFORD, on behalf of
himself and all others
similarly situated,

    Plaintiff,

  v.

CITIZENS FOR TRANSPORTATION
MOBILITY, INC. and ON TARGET
PUBLIC AFFAIRS,

    Defendants.

CIVIL ACTION

NO. 1:12-CV-2524-RLV

## O R D E R

The plaintiff brings this action against the defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for the alleged placement of telephone calls to cell phones using an automatic telephone dialing system and prerecorded or artificial voice message. Currently before the court is defendant Citizens for Transportation Mobility's ("CTM") motion for judgment on the pleadings [Doc. No. 57] and On Target's notice of joinder in CTM's motion for judgment on the pleadings [Doc. No. 59]. Additionally before the court is a motion for oral argument on the motion for judgment on the pleadings [Doc. No. 81].

### I. Background

On March 15, 2013, CTM filed a motion for judgment on the pleadings. In their motion, the defendants bring an as-applied

challenge to the constitutionality of the TCPA, arguing that applying the TCPA to prohibit the automated calls to cell phones at issue in this case would violate the First Amendment. Defendant On Target Public Affairs has joined CTM's motion. Thereafter, pursuant to Federal Rule of Civil Procedure 5.1, the United States filed its notice of intervention and filed a memorandum in defense of the constitutionality of the TCPA.

CTM is a non-profit corporation organized under the law of the State of Georgia. CTM was organized to advocate for the passage of a Special District Transportation Sales and Use Tax ("TSPLOST") for the funding of certain transportation projects in the metropolitan Atlanta area. As part of its advocacy program, CTM engaged the services of defendant On Target Public Affairs LLC, a marketing firm, to handle telephone calls to potential voters.

According to the plaintiff's complaint, the plaintiff alleges that on July 18, 2012, and July 20, 2012, On Target initiated two telephone calls using a prerecorded voice message regarding the transportation referendum to his cellular phone number using an automatic dialing system. The plaintiff further alleges that CTM hired On Target to initiate the calls on CTM's behalf to advocate the passage of the TSPLOST referendum. The defendants now

challenge the constitutionality of the TCPA as applied to this case.

## II. Discussion

The TCPA prohibits

> any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A). The TCPA regulates "any call," regardless of its message. Thus, section 227(b)(1)(A) is a content-neutral time, place, and manner restriction on speech. See Moser v. F.C.C., 46 F.3d 970, 972 (9th Cir. 1995) (analyzing § 227(b)(1)(B) of the TCPA, which prohibits "any telephone call to any residential line using an artificial or prerecorded voice," as a content-neutral time, place, and manner restriction). Therefore, under the prevailing standard of review, the TCPA must be upheld if it (1) serves a significant government interest, (2) is narrowly tailored to serve that interest, and (3) leaves open ample alternative channels for the communication of information. Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989).

3

### A. Section 227(b)(1)(A) of the TCPA serves a significant government interest

The government contends that Congress passed the TCPA in order to address threats to consumer privacy, nuisance to call recipients, and potential costs associated with unsolicited calls made to cellular telephones. The defendants all but concede that the government has a significant interest in protecting users of cellular telephones from invasions of privacy, nuisance, and uninvited costs. The court agrees with the government.

As the government points out, in addition to protecting privacy and nuisance associated with unsolicited autodialed calls and prerecorded messages, the government has a significant interest in preventing unsolicited calls from imposing uninvited costs upon telephone subscribers. See S. Rep. No. 102-178 at 2, reprinted in 1991 U.S.C.C.A.N. 1668, 1969 (noting that "unsolicited calls placed to . . . cellular . . . telephone numbers often impose a cost on the called party [as] cellular users must pay for each incoming call"). Thus the government can easily establish a substantial government interest in this case.

### B. Section 227(b)(1)(A) of the TCPA is narrowly tailored

With regard to the second prong, the defendants contend that section 227(b)(1)(A) is not narrowly tailored to serve the

4

government's interests because it operates as a "total ban on cellular telephone calls" and therefore "effectively silences a wide range of political speech." The defendants also argue that the TCPA is not narrowly tailored because it bans non-commercial calls like the political calls in this case, emphasizing that "non-commercial calls do not burden consumers to the extent that commercial calls do." The government responds by pointing out that the TCPA does not operate to ban all cellular telephone calls, permitting such calls with consent of the recipient. The government further contends that the defendants misconstrue the government's interest and the standard of review in this case because, under intermediate scrutiny for content neutral regulation, Congress is not required to use the least restrictive means of promoting the government interest. On all points the court agrees with the government.

A statute is narrowly tailored if the "regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." Ward, 491 U.S. at 799. The essence of narrow tailoring is to focus upon the source of the evils the government seeks to eliminate, without significantly restricting a substantial quantity of speech that does not create the same evils. Turner Broad. Sys., Inc. v. F.C.C., 520 U.S. 180,

5

216-18 (1997). So long as the means chosen are not substantially broader than necessary to achieve the government's interests, a regulation will not be invalid simply because a court concludes that the government's interest could be adequately served by some less speech-restrictive alternative. Id.

In this case, Congress was concerned with intrusive and potentially costly uninvited calls to cellular phone users, regardless of the content of the message. Congress focused on the intrusiveness of automated or prerecorded telephone calls. Congress narrowly tailored the TCPA to those interests by prohibiting only (1) unsolicited calls; (2) made to a cellular phone, in addition to telephone numbers assigned to other services; and (3) made from an automatic dialer and/or including an artificial or prerecorded voice.

The defendants attempt to argue that section 227(b)(1)(A) is not narrowly tailored because it operates as a "total ban on cellular telephone calls" and "effectively silences a wide range of political speech." However, contrary to the defendants' position, the TCPA does not ban calls to cellular phones in the context of political speech. The TCPA only prohibits unsolicited calls made through use of an automatic telephone dialing system or artificial prerecorded voice. The TCPA also permits automated calls if the

caller has "prior express consent of the called party." See S. Rep. No. 102-178 at 8 (stating that "consent can be obtained at the beginning of a telephone call by a 'live' person" who could then switch to a recorded or computerized message). Thus the defendants' argument fails.

Additionally, the defendants contend that the TCPA could have been drafted more narrowly to apply only to commercial speech, assuming that non-commercial calls do not burden consumers to the extent that commercial calls do. However, as the government points out in their brief, the defendants misconstrue the government's interest and the level of scrutiny to be applied by the court. Congress specifically chose to regulate autodialed or prerecorded calls in general, regardless of the message, because consumers considered these calls to be particularly invasive of privacy. Furthermore, even if commercial calls are more burdensome on average than non-commercial calls, under intermediate scrutiny, Congress is not required to use the least restrictive means of promoting the government interest, as the defendant concedes. See Ward, 491 U.S. at 798.

### C. The TCPA leaves open multiple alternative channels of communication

The defendants seem to primarily argue that the alternative channels are not economically feasible for a non-profit organization to effectively communicate their message. The government contends that, contrary to the defendant's position, their preference for a particular cost-effective channel of communication does not make all other avenues constitutionally inadequate. See CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1282 (11th Cir. 2006) ("The Constitution requires only that [the government] leave open an alternative channel of communication, not the alternative channel of communication [a particular speaker] desires."). The court agrees with the government.

In this case, the defendants can communicate their political message through live solicitation calls, targeted mail, email, and door-to-door canvassing. Moreover, the defendants could have used automatic dialing systems to call cellular phones as long as they obtain the recipient's consent, which could be done by a person who then switches over to an automated message when consent is obtained.

8

Therefore, the court concludes that section 227(b)(1)(A) of the TCPA furthers the substantial government interest of reducing the number of invasive, nuisance-inducing, and potentially costly calls to consumers—especially given the growing prevalence of cell phones carried by persons outside of their homes). The TCPA's restrictions are limited to the transmission of unsolicited prerecorded messages using specifically-defined equipment to cellular phones, and it leaves open ample alternative means of communication. Therefore, the TCPA is not unconstitutional as applied in this case.

### III. Conclusion

For the above reasons and for those stated in the government's brief, the court DENIES the defendants' motions for judgment on the pleadings [Doc. Nos. 57 & 59]. The court also DENIES the motion for oral argument [Doc. No. 81]. The court lifts the stay imposed by this court's May 2013 order. The court will proceed to rule on the amended motion to certify the class after it is fully briefed by the parties. The defendants have 14 days from the docketing of this order to file a response to the amended motion to certify.

SO ORDERED, this 1st day of August, 2013.

ROBERT L. VINING, JR.
Senior United States District Judge

9