IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HAYDEN WREYFORD, on behalf of himself and all others similarly situated, | : : : : | |
| Plaintiff, | : : | Civil Action File No. |
| v. | : : | 1:12-cv-02524-JFK |
| CITIZENS FOR TRANSPORTATION MOBILITY, INC., et al. | : : : | |
| Defendants. | : : | |

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND AN AWARD OF ATTORNEYS FEES WITH SUPPORTING
MEMORANDUM OF LAW**

Plaintiff, HAYDEN WREYFORD (hereinafter referred to as "Plaintiff"),

through counsel and pursuant to Fed. R. Civ. P. 23, moves this Court for final

approval of the proposed class action settlement in this matter. Plaintiff

respectfully shows:

1.      On July 20, 2012, Plaintiff filed a class action lawsuit asserting class

claims against Citizens for Transportation Mobility, Inc. under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, et seq. (hereinafter referred to as the

"TCPA").  Specifically, Plaintiff alleged that CTM violated the TCPA by using an

automatic telephone dialing system or an artificial or prerecorded voice to make telephone calls to AT&T Mobility LLC cellular subscribers.  Plaintiff later amended his Complaint to add On Target Public Affairs LLC as a Defendant.

2.      After over a year of hotly contested litigation which included two fully briefed motions for class certification, a motion for summary judgment, and the intervention of the United States Department of Justice on the constitutionality of the underlying claims, the parties settled the claims with the help of United States Magistrate Judge J. Clay Fuller as mediator. *See Docs. 103-1; 122-1; 117*.

3.      On May 14, 2014, the Court entered Orders (hereinafter referred to as "Preliminary Approval Orders") giving preliminary approval to the settlements of the above-captioned case (hereinafter referred to as the "Litigation").  The Court also scheduled a final fairness hearing for October 16, 2014 to determine: whether (1) the proposed Settlements of the Litigation on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; (2) the Judgment, as provided for in the Agreement, should be entered; (3) the amount of fees and costs that should be awarded to Class Counsel; and (4) the amount of the service awards that should be awarded to Plaintiff, as provided for in the Agreement.

4.      Under Fed. R. Civ. P. 23(e), Plaintiff now seeks final certification and approval of the proposed class action settlement upon the conclusion of the Final Approval Hearing.  Specifically, the Plaintiff requests the Court certify the proposed class and give final approval to the proposed class action settlement agreements by entering the Orders of Final Approval of Class Action Settlements (hereinafter referred to as the "Final Approval Orders"), attached to the Settlement Agreements. *Docs. 103-1; 122-1.*

## SUPPORTING MEMORANDUM OF LAW

The Plaintiff submits the following memorandum in support of his motion for final approval of class action settlement.

## I.      Final Approval is Warranted.

Whether to approve a settlement in a class action lawsuit is a decision "left to the sound discretion of the trial court," and the court's decision will not be overturned "absent a clear showing of abuse of that discretion."  *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).  Settlements in class action cases are favored because they conserve judicial resources and they are a means of amicably resolving doubts.  *In re Motorsports Merch. Antitrust Litig.*, 112 F.Supp.2d 1329, 1333 (N.D.Ga. 2000); *see also Bennett v. Behring Corp.*, 96 F.R.D. 343, 348 (S.D.Fla. 1982), *aff'd* 737 F.2d 982 (11th Cir. 1984).

**A.     Proposed Settlement.**

As stated above, the Agreements are filed in the record as *Docs. 103-1* and

*122-1*.  The significant terms of the proposed settlements are set forth below:

### 1.     Certification of a Fed. R. Civ. P. 23(b)(2) and (3) Class.

For Settlement purposes only, and under Fed. R. Civ. P. 23(b)(2) and (3),

the Plaintiff seeks final certification of the following Class of plaintiffs

(hereinafter referred to as the "Class Members"):

> All AT&T Mobility, LLC cellular telephone subscribers to whose cellular
> telephone numbers ON TARGET PUBLIC AFFAIRS LLC initiated a non-
> emergency telephone call on behalf of CITIZENS FOR
> TRANSPORTATION MOBILITY, INC. using an automatic telephone
> dialing system or an artificial or prerecorded voice without the prior express
> consent of the subscriber.

### 2.     Class Representative and Class Counsel Appointment.

This Court having given preliminary approval in the Preliminary Approval

Order designating Plaintiff, Hayden Wreyford, as the class representative

(hereinafter referred to as "Class Representatives" or "Plaintiff"), and attorneys

Justin T. Holcombe, James M. Feagle and Kris Skaar of the law firm Skaar &

Feagle, LLP, as class counsel (hereinafter referred to as "Class Counsel"), the

Parties propose the Court give final approval to said designations.

### 3.    Notification Process.

Notice to the Settlement Class was disseminated by direct mail via U.S. mail to the last known address of each Class Member for the Rule 23(b)(3) settlement with Defendant Citizens for Transportation Mobility, Inc. and publication notice in the Fulton County Daily Report for the Rule 23(b)(2) settlement with Defendant On Target Public Affairs LLC.  Before mailing the Class Notice to each Class Member, the Settlement Administrator confirmed and, if necessary, updated the addresses for the Class Members using The National Change of Address (NCOA) database. *See Decl. of Tony Dang*.

Of the Class Notices mailed, only fifty-one (51) were returned undeliverable.  Of those fifty-one (51) returned Class Notices, a forwarding address was found for thirty-four Class Members and properly forwarded. *See Decl. of Tony Dang*.  Accordingly, approximately 99 per cent of the Class received mailed notices.

### 4.    Entry of Appearance, Exclusions and Objections.

Fed. R. Civ. P. 23(c)(2)(B) also requires the Class Members have an opportunity to enter an appearance and object to the settlements or to exclude themselves from the 23(b)(3) settlement.  The Class Action Notices provided the Class Members with the requirements to enter an appearance, object, or exclude

themselves by filing such requests with the Clerk of the Court.  No Class Member has written Class Counsel or the Clerk of this Court to express their desire to enter an appearance, object, or be excluded from the settlement.

### 5.      Settlement Consideration.

As outlined above and in the Joint Motion for Preliminary Approval, the proposed settlement consideration is as follows:

a.      **CTM will Fund a Settlement Fund of $325,000.00.**

CTM has agreed to fund a Settlement Fund of $325,000.00.  The Settlement Fund will provide for payment to Class Counsel for attorneys and costs, payment to the named Plaintiff, payment for administration of the class settlement and payment to class members as outlined below.

b.      **On Target will be Enjoined from Calling Class Members AT&T Mobility, LLC Cellular Telephones through 2016.**

On Target will be enjoined from using automatic telephone dialing systems or artificial or prerecorded voice mails to call class member's cellular telephone numbers through December 31, 2016, which includes the 2016 general election cycle.

### c.    Payment to Plaintiff.

Plaintiff Hayden Wreyford shall be paid $10,000.00 from the settlement fund for his individual claims and in recognition of his services as the Class Representative in obtaining monetary relief from the class. *Doc. 122-1*, ¶ 4.3. In addition, On Target will pay Plaintiff $3,000.00 for his efforts in obtaining non-monetary injunctive relief in the separate settlement pursuant to Rule 23(b)(2). *Doc 103-1*, ¶ 16A.

### d.    Attorneys' Fees, Costs, and Expenses.

Class Counsel seeks reimbursement from the Settlement Fund in an amount to be approved by the Court at the final fairness hearing for costs and litigation expenses incurred in prosecuting this action. *Doc 122-1*, ¶ 4.2.  Class Counsel seeks below an award of attorneys' fees to be paid from the Settlement Fund in an amount to be approved by the Court at the final fairness hearing not to exceed 33 1/3% of the Settlement Fund. *Id.* The settlement in this case is not conditioned on the Court's approval of any specific amount of attorneys fees. *Id.*

### e.    Costs of Class Administration.

The Settlement Administrator shall be paid from the Settlement Fund for its services in administrating this settlement and providing notice to class members. *Doc. at* ¶ 4.4.  The Settlement Administrator has capped the administration costs at $17,500.00.

### f.    Payment to Class Members.

After payments are distributed to Plaintiff, Class Counsel and the Settlement Administrator as outlined above, the remaining Settlement Fund shall be distributed equally to all Settlement Class Members.  The exact amount of distribution to class members is not yet known, but Class Counsel anticipates each class members' share to be approximately $123.73.  *Id. at* ¶ 4.5.[1]  Any checks not deposited within 120 days of mailing shall be voided and all sums remaining in the Settlement Fund shall be paid to "Skaar & Feagle, LLP, in Trust" and Class Counsel shall deliver such funds to the Atlanta Legal Aid Society, Inc. as the *cy pres* recipient.  In comparison to other TCPA class settlement awards, this result is exceptional.[2]

---

[1]    This estimate is based upon an equal distribution of $186,594.81 to 1,508 class members which assumes costs of administration equal the cap set by the administrator of $17,500.00, the named Plaintiff being awarded the $10,000.00 set forth in the settlement agreement, and class counsel being awarded the requested $108,333.33 in attorneys fees and $2,571.86 in costs and litigation expenses requested below.

[2] *See, e.g., Hanley v. Fifth Third Bank*, 12-cv-1612 (N.D.Ill.) ($22.50 per class member); *Cummings v. Sallie Mae*, 12-cv-9984 (N.D.Ill.) ($36.80 per class member); *Duke v. Bank of America*, 5:12-cv-4009-EJD (N.D.Cal.) ($2.67 per class member); *Adams v. AllianceOne Receivables Mgmt.*, 3:08-cv-00248-JAH-WVG (S.D.Cal.) ($1.49 per class member); *Steinfeld v. Discover Financial Services*, 3:12-cv-01118-JSW (N.D.Cal.) ($0.96 per class member) (the numbers herein are based upon a division of the total settlement fund by the size of the class without taking into account the portion of the funds awarded to class counsel or deducted as fees or expenses).

g.      **Class Action Fairness Act.**

The Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), applies in this case, and, under 28 U.S.C. § 1715, Defendants sent notice of the proposed settlement to the appropriate federal and state officials. Neither state nor federal governmental entitiy has raised an objection to the notice that was mailed to them either formally or informally.

**B.      The Proposed Settlements Satisfy Fed. R. Civ. P. 23.**

This Court, in the Preliminary Approval Order, preliminarily found, solely for purposes of the Settlement, that the Litigation may be maintained as a class action on behalf of the Settlement Class.  The Plaintiff now seeks a final finding that the Litigation may be maintained as a class action and reiterates the arguments made in the Joint Motion for Preliminary Approval.

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" Gen. Tel. Co. of SW. v. Falcon, 457 U.S. 147, 155 (1982) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'"  *Id.*  "For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every

[class member] to be litigated in an economical fashion under Rule 23.'" *Id.*
(changes in original).

In the Eleventh Circuit, there is a "strong judicial policy" favoring pretrial settlement of class action lawsuits. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "'Litigants should be encouraged to determine their respective rights between themselves.' This policy has special importance in class actions with their notable uncertainty, difficulties of proof, and length." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 538 (S.D. Fla. 1988) (internal citations omitted); *see also Turner v. Gen. Elec. Co.*, 2006 WL 2620275, *2 (M.D. Fla. 2006). Proposed settlements and class certifications for settlement purposes must, nevertheless, satisfy the requirements of Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997); *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 695 (M.D. Fla. 2005).

### 1.   The Fed. R. Civ. P. 23(a) Requirements are Satisfied.

"In order to obtain class certification, [the Parties] first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a)." *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001). "The Rule states: '(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable

[i.e., numerosity], (2) there are questions of law or fact common to the class [i.e., commonality], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e., typicality], and (4) the representative parties will fairly and adequately protect the interests of the class [i.e., adequacy of representation.]"  *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000). The proposed class satisfies the Fed. R. Civ. P. 23(a) prerequisites.  Each prerequisite is in turn considered below.

### a.    Numerosity.

Numerosity requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The Eleventh Circuit has ruled that an estimated class size of "more than forty" is generally adequate.  *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *see also Co. of Monroe, Fla. v. Priceline.com, Inc.*, 265 F.R.D. 659, 667 (S.D. Fla. 2010). The numerosity requirement is met here.  There are 1,508 Class Members whose telephone numbers were called.

### b.    Commonality.

"[T]he commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification."  *Prado-Steiman*, 221 F.3d at 1278 (citations omitted).

"[C]ommonality refers to the group characteristics of the class as a whole . . . ."
*Id.* at 1279.  "The commonality requirement serves the dual purpose of promoting:
(1) fair and adequate representation of the interests of absentee class members; and
(2) practical and efficient case management."  *Grillasca*, 2007 WL 2121726 at *10
(quoting Falcon, 457 U.S. at 157 (1982)).  "Allegations of a common course of
conduct by Defendants affecting all class members will satisfy the commonality
requirement."  *Co. of Monroe, Fla.*, 265 F.R.D. at 667.

The commonality requirement is satisfied here.  Plaintiff's claims and the
claims of the proposed Class Members are legally and factually identical.
Plaintiff's and the proposed Class Members' claims stem from the same alleged
conduct – Defendants calls to advocate the TSPLOST.  Plaintiff is a fair and
adequate representative of the class as a whole and class certification would result
in practical and efficient case management.

### c.     Typicality.

Typicality requires that the class representative "possess the same interest
and suffer the same injury as the class members."  *Murray*, 244 F.3d at 811.
Typicality is satisfied when "the claims of the class representatives must arise
from the same events, practice, or conduct, and [are] based on the same legal
theory as those of the other class members."  *Grillasca*, 2007 WL 2121726 at *11

(citing *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985)); *see also CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 698 (S.D. Fla. 1992).

Like commonality, the typicality requirement is clearly satisfied here. Plaintiff's interests are aligned with the interests of the proposed class.  As explained above, Plaintiff's claims and the claims of the proposed class members stem from the same alleged conduct.

### d.    Adequacy of Representation.

Fed. R. Civ. P. 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class."  The adequacy of representation requirement asks "whether [class] counsel [is] qualified, experienced, and generally able to conduct the proposed litigation and whether [the representative] has interests antagonistic to those of the rest of the class."  *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987) (*quoting Griffin v. Carlin*, 755 F.2d 1516, 1532 (11th Cir. 1985)).

The adequacy of representation requirement is satisfied here.  Plaintiff understands his obligation as the class representative, has adequately represented the interests of the putative class, and has retained experienced Class Counsel. Proposed Class Counsel are qualified and experienced in class action litigation, and capable of conducting this litigation and settlement.

### 2.     The Fed. R. Civ. P. 23(b) Requirements Are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class

certification must show that the action is maintainable under Rule 23(b)(1), (2), or

(3)." *Amchem Prods., Inc.*, 521 U.S. at 614.  The TCPA permits a plaintiff to

bring an action to enjoin the conduct, an action for damages, or both such actions.

47 U.S.C. § 227(b)(3).  Plaintiff brought both such actions and settled one such

action with each defendant.  Specifically, Plaintiff reached a settlement with

Defendant On Target for the claim for injunctive relief which left the claim for

damages as to On Target to be dismissed without prejudice.  *Doc 103-1.*  Later,

Defendant reached a mediated settlement for monetary relief with Defendant

Citizens for Transportation Mobility.  *Doc. 122-2.*  Accordingly, this case resulted,

at separate times, in 2 settlements: 1) a Rule 23(b)(2) settlement enjoining the

Defendant whose business is to provide such services to campaigns from calling

class members through the next election cycle, and 2) a Rule 23(b)(3) settlement

for monetary relief from the party with the ability to make meaningful class

monetary relief.

### a.     Fed. R. Civ. P. 23(b)(2) is Satisfied.

Rule 23(b)(2) required only that the Defendant "has acted or refused to act

on grounds that apply generally to the class, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting the class as a whole."

Defendant On Target made the same two calls using the same system to all class members.  The settlement seeks final injunctive relief as to On Target to prevent such calls to class members through December 31, 2016.

### b.      Fed. R. Civ. P. 23(b)(3) is Satisfied.

To qualify for certification under Rule 23(b)(3), a class must meet 2 requirements beyond the Rule 23(a) prerequisites:  "Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'"  *Amchem*, 521 U.S. at 615.

Rule 23(b)(3) requires courts to consider the following factors when evaluating whether the "predominance" and "superiority" requirements are met:  "(A) class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely in managing a class action."

"That common questions of law or fact predominate over individualized questions means that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'"  *Rutstein v. Avis Rent-A-Car*

*Systems, Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000).  "Where, after adjudication of the class-wide issues, Plaintiff must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish . . . their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)."  *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004).

Here, class-wide claims predominate over any individual claims and the class action procedure is the appropriate and superior method to resolve the case. Plaintiff's and the putative class members' claims are identical, and all issues are subject to not just generalized proof, but the same proof.  Proof of the class claims will leave nothing for Plaintiff to prove individually.  "The addition or subtraction of any of the Plaintiff . . . [would] have [no] substantial effect on the substance or quantity of evidence offered."  *Id.*

Further, putative class members have little incentive to bring their claims individually because the maximum potential recovery under the TCPA is $1,500.00 per plaintiff for each of the two calls.  *See Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 701 (S.D. Fla. 2004) ("Debtors who seek to change the unfair debt collection practices may lack the incentive to bring action under the FDCPA and the FCCPA because successful Plaintiffs are only awarded a maximum of $1,000.00").  The putative class members' individual interest in

controlling the litigation is, therefore, "no more than theoretic" and "so small as to make a separate action impracticable." *Amchem*, 521 U.S. at 616.

### 3. The Fed. R. Civ. P. 23(e) Requirements Are Satisfied.

As stated above, pretrial settlement of class actions is favored. *See Bennett*, 737 F.2d at 986; *Turner*, 2006 WL 2620275 at *2. Rule 23(e), however, "requires judicial approval of any class action settlement." *Bennett*, 737 F.2d at 986. "[I]n order to approve the settlement, the district court must find that it 'is fair, adequate and reasonable and is not the product of collusion between the parties.'" Id. (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

"Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. 2007). "A proposed settlement should be preliminarily approved if it 'is 'within the range of possible approval' or, in other words [if] there is 'probable cause' to notify the class of the proposed settlement.'" *Id.*

### a. The Settlements are Fair, Reasonable, and Adequate.

This Court has given preliminary approval to the Agreement as being fair, reasonable, and adequate and within the range of possible approval and the Parties now seek a final approval of same. Nothing has changed that should affect or

change the Court's prior decision for preliminary approval of the class from the order of preliminary approval through the filing of this motion.

Courts have found that the following factors are useful in determining whether a settlement is fair, reasonable, and adequate: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*, 737 F.2d 982, 986; *see also Dolby v. Butler & Hosch, P.A.*, 2006 WL 2474062, *4 (M.D. Fla. 2006). "[T]he fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988); *see also Strube*, 226 F.R.D. at 698.

Application of the relevant factors shows the proposed settlement is fair and adequate and should be given final approval in this case. The likelihood of success for the class is uncertain if this case was to proceed to trial. Defendants have argued and indicated an intent to appeal the threshold issue of whether or not the TCPA unconstitutionally infringes upon their First Amendment rights to free speech as applied to the political speech in this case. In addition, the parties

vigorously dispute whether Defendants may be held liable for calls made by non-party Robocent.  The class claims and defenses involve complex legal issues and Defendants have raised defenses to the class claims which Defendants aver would ultimately defeat the claims of the putative class.  Although Plaintiff is confident that law in the Eleventh Circuit confirms his claims, he believes it is best to resolve this case on the terms agreed to by the Parties in order to avoid the expense, risk, delay, and uncertainty of further litigation.

A trial in this case would be expensive and lengthy and this early settlement will save significant fees and costs to each side.  Considering the potential risks and expenses associated with continued prosecution of the lawsuit, the uncertainties of trial, the probability of appeals, the certainty of delay and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate to all parties.

Finally, the Court may take into consideration the "judgment of experienced counsel."  *Holmes v. Cont. Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983); *see also Dolby*, 2006 WL 2474062 at *7.  Class Counsel are "seasoned attorneys" and they have determined that "settlement by way of this Agreement is in [the Parties'] bests interests."

### b.      The Settlement is not the Product of Collusion.

The Parties negotiated the proposed settlement at arm's-length at a mediation before the Honorable U.S. Magistrate Judge J. Clay Fuller.  Plaintiff did not use the class action procedure to gain a more beneficial settlement for himself. The modest payment to Plaintiff is justified by the settlement of his individual claims and by his willingness to serve as the Class Representative, which included answering discovery, his deposition, his attendance and participation at mediation, and his review and approval of the settlement documents in this case. Mr. Wreyford spent a significant amount of time in the case at all phases.  *See Dolby*, 2006 WL 2474062 at *5 (The court found a more favorable settlement to named plaintiff did not raise concern where justified by the particular circumstances.). Mr. Wreyford has garnered an objectively fair and beneficial settlement for each class member that is not merely a token benefit.

## II.    Class Counsel's Request for Fees, Costs and Expenses.

The Settlement Agreement with Defendant Citizens for Transportation Mobility, Inc. provides for payment of class counsel's attorneys fees, litigation expenses and costs to come from the Settlement Fund.  *Doc. 122-1*, ¶ 4.2.  In this case, Plaintiff seeks an award of attorneys fees in the amount of $108,333.33 (33 1/3% of the fund) as well as an award of costs and expenses in the amount of $2,571.86.

"[I]n this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F. 2d 768, 774 (11th Cir. 1991). "There is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Id.* "The majority of common fund fee awards fall between 20% to 30% of the fund. The Task Force Report found that '[j]udges systematically awarded fees in the range of twenty to twenty-five percent of the fund....' To avoid depleting the funds available for distribution to the class, an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded." *Id.* (internal citation omitted).

"In an effort to provide appellate courts a record for review of attorneys' fee awards, district courts are beginning to view the median of this 20% to 30% range, i.e., 25%, as a 'bench mark' percentage fee award which may be adjusted in accordance with the individual circumstances of each case." *Id.* at 775. "Where the requested fee exceeds 25%, the court is instructed to apply the twelve Johnson factors. The Johnson factors include: (1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in

the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Faught v. American Home Shield Corp.*, 668 F. 3d 1233, 1242-43 (11th Cir. 2011).

### A.     The Johnson Factors favor the Requested Fee.

In this case, Plaintiff's counsel request an award of fees in the amount of $108,333.33, or 33 1/3% of the settlement fund. This amount, although slightly higher than the 25% bench mark, is justified by the facts of this case and the *Johnson* factors.   Additionally, modest upward deviations from the 25% bench mark are not uncommon in this State and Circuit for relatively small class actions such as this.[3]

This case was heavily litigated, including 2 motions for class certification, a motion for judgment on the pleadings which included an intervention by the United States Department of Justice, and a motion for summary judgment.  This

---

[3]See *Sherry H. Craft v. North Seattle Community College Foundation*, USDC Middle District of Georgia, Civil Action No. 3:07-CV-132(CDL), Order in a consumer class action approving fees dated September 2, 2010, where Judge Clay Land considered the *Johnson* factors and approved a 33 1/3% common fund attorney fee of $1,807,312.00 on a settlement of $5,421,936.00 as being reasonable and in line with similar fee awards in both class actions and individual actions in the Middle District of Georgia.

case did not reach a settlement until after the completion of discovery and a Motion for Summary Judgment had been filed.  Counsel was required to obtain much of the critical documentation from third parties, e.g., Robocent and AT&T.

Plaintiff's counsel have a current combined lodestar, which is counsel's time spent multiplied by their hourly rate, of $91,828.50.  This number will assuredly increase through the fairness hearing, administration and ultimate closing of this case.  The lodestar is currently relatively close to the common fund fee requested.  Had it not been for this case, counsel could have expended these resources on other employment. The fee in this case was entirely contingent upon the outcome, and Plaintiff's counsel would not have been compensation for his efforts if they were unsuccessful.

The amount of the settlement fund also supports an award of 33 1/3%.  The class was only 1,508 members.  Accordingly, while the class members in this case are receiving relief much larger than class members in other TCPA class settlements, class counsel's fees are considerably less.  *See, e.g., Hanley v. Fifth Third Bank*, 12-cv-1612 (N.D.Ill.) ($4,500,000 settlement for approximately 200,000 class members); *Cummings v. Sallie Mae*, 12-cv-9984 (N.D.Ill.) ($9,200,000 settlement for approximately 250,000 class members); *Duke v. Bank of America*, 5:12-cv-4009-EJD (N.D.Cal.) ($30,383,905.50 settlement for approximately 11,396,152 class members); *Adams v. AllianceOne Receivables*

*Mgmt.*, 3:08-cv-00248-JAH-WVG (S.D.Cal.) ($9,000,000 settlement for approximately 6,079,411 class members).  In comparison to other TCPA class settlement awards, the class is substantially better off and Plaintiff's requested fee is relatively small, despite nearly identical workload as these cases where the fee was significantly higher.

Finally, counsel are experienced consumer attorneys which enjoy a great reputation for the prosecution of consumer cases, including FDCPA and TCPA cases, in this District.  Accordingly, class counsel request they be awarded fees in the amount of $108,333.33, or 33 1/3% of the settlement fund.

**B.     Class Counsel Requests Reimbursement of Costs and Expenses.**

The Settlement Agreement provides for class counsel to be reimbursed for costs and the expenses of litigation from the settlement fund. *Doc. 122-1*, ¶ 4.2.  In this case, Plaintiff's counsel requests reimbursement in the amount of $2,571.86 for costs and expenses in the prosecution of this action.  *See Decl. of James M. Feagle.*

**III.  CONCLUSION**

WHEREFORE, for the reasons set forth above, and pursuant to Fed. R. Civ. P. 23, the Plaintiff respectfully requests that the Court certify the proposed class and approve the proposed settlement by entering the Final Approval Orders attached to the Settlement Agreements. *Docs. 103-1*; *122-1.*

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:      /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.


Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x]   Times New Roman, 14 point; or
[ ]   Courier New, 12 point.


SKAAR & FEAGLE, LLP


by:   ___/s/ Justin T. Holcombe_____

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Justin T. Holcombe, hereby certify that I have this day filed the within and foregoing MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AN AWARD OF ATTORNEYS FEES WITH SUPPORTING MEMORANDUM OF LAW using the CM/ECF system which shall contemporaneously send notice to all counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3).

SKAAR & FEAGLE, LLP

by:    /s/ Justin T. Holcombe

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

ATTORNEYS FOR PLAINTIFF