IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAYDEN WREYFORD, on behalf of Himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS FOR TRANSPORTATION MOBILITY, INC., et al.,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 1:12-cv-02524-JFK |

**FINAL APPROVAL ORDER**

Plaintiff, on his own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Stipulation and Agreement of Settlement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiff and Defendant Citizens for Transportation Mobility, Inc. Defendant does not oppose Plaintiff's Motion.

By Order dated May 14, 2014, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this

Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, this Court hereby approves the Agreement and finds that the consideration in the Agreement is fair and that the Agreement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this settlement.

      a.      The Settlement Class is defined as follows:

> All AT&T Mobility, LLC cellular telephone subscribers to whose cellular telephone numbers ON TARGET PUBLIC AFFAIRS LLC initiated a non-emergency telephone call on behalf of CITIZENS FOR TRANSPORTATION MOBILITY, INC. using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the subscriber.

      b.      Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure.

      5.      For purposes of this settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy,

considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6. This Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws.

7. No objections to the Settlement have been made.

8. This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement).

9. The Released Parties include Defendant, together with each of its members, owners, shareholders, unitholders, predecessors, successors (including, without limitation, acquirers of all or substantially all of their assets, stock, units or other ownership interests) and assigns, the past present and future, direct and indirect, parents (including, but not limited to holding companies), subsidiaries and affiliated of any of the above; and the past, present and future principals, trustees,

partners, insurers, officers, directors, employees, agents, advisors, attorneys, insurers, members, owners, shareholders, unitholders, predecessors, successors, assigns, representatives, heirs, executors, contractors or subcontractors, including, but not limited to On Target Public Affairs LLC, MassRoots LLC d/b/a Robocent, and TargetSmart Communications, LLC, and administrators of anyone acting on behalf of any of the above.

      10.    Plaintiff and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, are deemed to have fully, finally and forever released all Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable

before a judge or jury or otherwise, based on a violation of the Telephone Consumer Protection Act ("TCPA") that were alleged (or that could have been alleged based on the same facts and circumstances) in the Litigation.

11. This Final Approval Order, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

    a. Will not be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by Plaintiff, the existence of any class alleged by Plaintiff, the propriety of class certification had the Litigation been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

    b. Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or

in any way referred to for any other reason as against any of the parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

    c.    Will not be deemed an admission by Defendant that it was subject to the jurisdiction of any court;

    d.    Will not be construed against Defendant as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

    12.    The Released Parties, Plaintiff, and any Class Member may file the Agreement and/or this Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

    13.    Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any

other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

14. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement and Settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Agreement and this Final Approval Order.

15. Attorneys who represent a class and achieve a significant benefit for the class are entitled to be compensated for their services. The amount of fees requested by counsel is subject to court approval. Class counsel shall be awarded attorneys' fees to be paid from the settlement fund as set out in a separate order of this court.

16. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately

upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**IT IS SO ORDERED** this 16th day of October, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE